UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:                                             Case # 19-30106-KKS
                                                   Chapter 7
Carl Daniel Sims,

_____ Debtor.____/

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF
REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b),
(f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED
LENDER AND THE ESTATE, AND (III ) OTHER RELIEF**

Mary W. Colón (the "Trustee"), duly appointed Chapter 7 Trustee for the

above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the

Bankruptcy Code hereby files this motion ("Motion") for entry of an order for

authority to sell certain real property free and clear of all liens, encumbrances, and

interests. In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to

28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of

28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and

1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m),

Federal Rules of Bankruptcy Procedure 2002 and 6004.

<u>BACKGROUND</u>

4.      On 01/29/2019 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "<u>Petition Date</u>").

5.      Mary W. Colón is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the 341 meeting of creditors on 02/26/2019.

7.      The Debtor scheduled a 100% ownership interest in the real property located at 512 DECATUR AVE., PENSACOLA, FL 32507 (the "<u>Property</u>") and legally described as follows:

> Lots 3 and 4, Block 103, BEACH HAVEN, a subdivision of a portion of Section 54, Township 2 South, Range 30 West, and of Section 35, Township 2 South, Range 31 West, Escambia County, Florida, according to the plat thereof recorded in Deed Book 46 at Page 51, of the Public Records of said county.

8.      The Debtor scheduled the Property as having a value of $176,000 subject to a mortgage in favor of Michigan Mutual, Inc. (the "<u>Secured Creditor(s)</u>") in the amount owed on the Petition Date of approximately $190,000.00.

9.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records Book 7710, Page 1251, consisting of principal and Interest (the "Secured Creditor Indebtedness").

<u>RELIEF REQUESTED</u>

11.    The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "<u>Carve-Out Fund</u>") that will provide for the costs of this case to be paid and provide a recovery for other creditors.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

<u>BASIS FOR RELIEF</u>

A.    <u>The Sale of the Property Should Be Approved</u>

12.    The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

4

13.     Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.     The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $5,000.00. Attached as Exhibits "A" and "B" respectively are the settlement statement and the letter of consent/approval from the Secured Creditor.

15.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

### B.     The Sale of the Property Should Be Approved Free and Clear of All Interests

16.     Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting

such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such

claims, at best, being treated as a general unsecured claim.[2] Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012 WL 1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.    The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

### C.    The Sale Will Be Undertaken by the Buyer in Good Faith

21.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.    The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23.    The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without

fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

24.     The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b)     the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)     Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

24. Buyer waived all contingencies and agreed to move forward on 11/14/19.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents

9

he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

RESPECTFULLY SUBMITTED this November 19, 2019.

/s/Mary W. Colón
Mary W. Colón, Trustee
P. O. Box 14596
Tallahassee, FL 32317
Florida Bar No. 0184012
Phone: (850) 241-0144
Fax: (850) 702-0735
E-mail: trustee@marycolon.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** THAT A TRUE AND CORRECT COPY OF THE FOREGOING has been furnished by U.S. Mail with postage prepaid to all persons on the Court's mailing matrix by BK Attorney Services, LLC d/b/a certificateofservice.com on November 19, 2019.

/s/Mary W. Colón
Mary W. Colón, Trustee

# Closing Disclosure

*This form is a statement of final loan terms and closing costs. Compare this document with your Loan Estimate.*

### Closing Information

| | |
|---|---|
| Date Issued | |
| Closing Date | 12/30/2019 |
| Disbursement Date | 12/30/2019 |
| Settlement Agent | SMITH, THOMPSON, |
| File # | 20192674 |
| Property | 512 DECATUR AVE |
| | Pensacola, FL 32507 |
| Sale Price | $130,000 |

### Transaction Information

| | |
|---|---|
| Borrower | LOUIS TROTTA, NANCY LANE PORTO |
| Seller | MARY COLON, AS TRUSTEE FOR THE |
| Lender | PEN AIR FEDERAL CREDIT UNION |

### Loan Information

| | |
|---|---|
| Loan Term | 0 Months |
| Purpose | Purchase |
| Product | |
| Loan Type | ☐ Conventional ☐ FHA ☐ VA ☑ |
| Loan ID # | 2002409448 |
| MIC # | |

## Loan Terms

| Loan Terms | | Can this amount increase after closing? |
|---|---|---|
| **Loan Amount** | $128,200 | NO |
| **Interest Rate** | 0% | NO |
| **Monthly Principal & Interest** *See Projected Payments below for your Estimated Total Monthly Payment* | $0.00 | NO |
| | | **Does the loan have these features?** |
| **Prepayment Penalty** | | NO |
| **Balloon Payment** | | NO |

DRAFT

## Projected Payments

| Payment Calculation | | Years 1 - 0 |
|---|---|---|
| Principal & Interest | | — |
| Mortgage Insurance | + | — |
| Estimated Escrow *Amount can increase over time* | + | — |
| **Estimated Total Monthly Payment** | | $0.00 min / $0.00 max |

| Estimated Taxes, Insurance & Assessments | | This estimate includes | In escrow? |
|---|---|---|---|
| *Amount can increase over time* *See page 4 for details* | a month | ☐ Property Taxes | NO |
| | | ☐ Homeowner's Insurance | NO |
| | | ☐ Other: | NO |
| | | *See Escrow Account on page 4 for details. You must pay for other property costs separately.* | |

## Costs at Closing

| | | |
|---|---|---|
| **Closing Costs** | $7,655.20 | Includes $1,441.00 in Loan Costs + $6,214.20 in Other Costs - $0.00 in Lender Credits. *See page 2 for details.* |
| **Cash to Close** | $9,464.50 | Includes Closing Costs. *See Calculating Cash to Close on page 3 for details.* |

CLOSING DISCLOSURE

**EXHIBIT**

tabbies "A"

## Closing Cost Details

| Loan Costs | Borrower-Paid | | Seller-Paid | | Paid by Others |
|---|---|---|---|---|---|
| | At Closing | Before Closing | At Closing | Before Closing | |
| **A. Origination Charges** | $0.00 | | | | |
| 01 % of Loan Amount (Points) | | | | | |
| 02 | | | | | |
| **B. Services Borrower Did Not Shop For** | $0.00 | | | | |
| 01 | | | | | |
| 02 | | | | | |
| 03 | | | | | |
| 04 | | | | | |
| 05 | | | | | |
| 06 | | | | | |
| 07 | | | | | |
| 08 | | | | | |
| 09 | | | | | |
| 10 | | | | | |
| **C. Services Borrower Did Shop For** | $1,441.00 | | | | |
| 01 SEARCH FEE to FIRST AMERICAN TITLE INSURANCE COMPANY | | | $75.00 | | |
| 02 SETTLEMENT FEE to SMITH THOMPSON SHAW | $600.00 | | | | |
| 03 Title - ALTA 5.1 to SMITH THOMPSON SHAW | $25.00 | | | | |
| 04 Title - ALTA 8.1 to SMITH THOMPSON SHAW | $25.00 | | | | |
| 05 Title - FL 9 (Simultaneous) to SMITH THOMPSON SHAW | $75.00 | | | | |
| 06 Title - Lender's Policy to SMITH THOMPSON SHAW | $716.00 | | | | |
| 07 | | | | | |
| 08 | | | | | |
| **D. TOTAL LOAN COSTS (Borrower - Paid)** | $1,441.00 | | | | |
| Loan Costs Subtotals (A + B + C) | $1,441.00 | $0.00 | | | |

| Other Costs | | | | | |
|---|---|---|---|---|---|
| **E. Taxes and Other Government Fees** | $919.20 | | | | |
| 01 Recording Fees Deed: $256.50 Mortgage: $214.00 | $470.50 | | | | |
| 02 Documentary Stamps Deed to CLERK OF CIRCUIT COURT | | | $910.00 | | |
| 03 Documentary Stamps Mtg to CLERK OF CIRCUIT COURT | $448.70 | | | | |
| 04 RECORD MOTION TO SELL ORDER to CLERK OF CIRCUIT COURT | | | $100.00 | | |
| **F. Prepaids** | $0.00 | | | | |
| 01 Homeowner's Insurance Premium mo. to | | | | | |
| 02 Mortgage Insurance Premium mo. to | | | | | |
| 03 Prepaid Interest $0.00 per day from to | $0.00 | | | | |
| 04 Property Taxes mo. to | | | | | |
| 05 | | | | | |
| **G. Initial Escrow Payment at Closing** | $0.00 | | | | |
| 01 Homeowner's Insurance per month for mo. | | | | | |
| 02 Mortgage Insurance per month for mo. | | | | | |
| 03 Property Taxes per month for mo. | | | | | |
| 04 Aggregate Adjustment | | | | | |
| 05 | | | | | |
| 06 | | | | | |
| 07 | | | | | |
| 08 | | | | | |
| **H. Other** | $5,295.00 | | | | |
| 01 2019 EST TAXES to TAX COLLECTOR | | | $1,697.00 | | |
| 02 BANKRUPTCY ESTATE FEE to MARYBETH COLON, AS TRUSTEE | | | | | |
| 03 BUYER PREMIUM to MARYBETH COLON, AS TRUSTEE OF THE | $5,000.00 | | | | |
| 04 CLOSING CORDINATION to OCEAN TITLE, LLC | $295.00 | | | | |
| 05 ESTOPPEL REQUEST to | | | | | |
| 06 HOA LIEN to | | | $2,000.00 | | |
| 07 MUNICIPAL LIEN SEARCH to VENDOR | | | $400.00 | | |
| 08 Real Estate Commission Buyers Broker to DEWISE REALTY | | | $2,600.00 | | |
| 09 Real Estate Commission Sellers Broker to SIMMONS REALTY | | | $5,200.00 | | |
| 10 Title - Owner's Policy to SMITH THOMPSON SHAW | | | $34.00 | | |
| 11 | | | | | |
| 12 | | | | | |
| **I. TOTAL OTHER COSTS (Borrower-Paid)** | $6,214.20 | | | | |
| Other Costs Subtotals (E + F + G + H) | $6,214.20 | $0.00 | | | |
| **J. TOTAL CLOSING COSTS (Borrower-Paid)** | $7,655.20 | | | | |
| Closing Costs Subtotals (D + I) | $7,655.20 | $0.00 | $13,016.00 | $0.00 | $0.00 |
| Lender Credits        $0.00 | $0.00 | | | | |

DRAFT

## Calculating Cash to Close

Use this table to see what has changed from your Loan Estimate.

| | Loan Estimate | Final | Did this change? |
|---|---|---|---|
| Total Closing Costs (J) | $0 | $0 | NO |
| Closing Costs Paid Before Closing | $0 | $0 | NO |
| Closing Costs Financed (Paid from your Loan Amount) | $0 | $0 | NO |
| Down Payment/Funds from Borrower | $0 | $0 | NO |
| Deposit | $0 | $0 | NO |
| Funds for Borrower | $0 | $0 | NO |
| Seller Credits | $0 | $0 | NO |
| Adjustments and Other Credits | $0 | $0 | NO |
| Cash to Close | $0 | $0 | |

## Summaries of Transactions

Use this table to see a summary of your transaction.

### BORROWER'S TRANSACTION

| | |
|---|---|
| **K. Due from Borrower at Closing** | **$137,664.50** |
| 01  Sale Price of Property | $130,000.00 |
| 02  Sale Price of Any Personal Property Included in Sale | |
| 03  Closing Costs Paid at Closing (J) | $7,655.20 |
| 04 | |
| **Adjustments** | |
| 05 | |
| 06 | |
| 07 | |
| **Adjustments for Items Paid by Seller in Advance** | |
| 08  City/Town Taxes                    to | |
| 09  County Taxes       12/30/2019  to  12/31/2019 | $9.30 |
| 10  Assessments                        to | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| **L. Paid Already by or on Behalf of Borrower at Closing** | **$128,200.00** |
| 01  Deposit | |
| 02  Loan Amount | $128,200.00 |
| 03  Existing Loan(s) Assumed or Taken Subject to | |
| 04 | |
| 05  Seller Credit | |
| **Other Credits** | |
| 06 | |
| 07 | |
| **Adjustments** | |
| 08 | |
| 09 | |
| 10 | |
| 11 | |
| **Adjustments for Items Unpaid by Seller** | |
| 12  City/Town Taxes                    to | |
| 13  County Taxes                       to | |
| 14  Assessments                        to | |
| 15 | |
| 16 | |
| 17 | |

### CALCULATION

| | |
|---|---|
| Total Due from Borrower at Closing (K) | $137,664.50 |
| Total Paid Already by or on Behalf of Borrower at Closing (L) | -$128,200.00 |
| Cash to Close  ☑ From  ☐ To Borrower | $9,464.50 |

### SELLER'S TRANSACTION

| | |
|---|---|
| **M. Due to Seller at Closing** | **$130,009.30** |
| 01  Sale Price of Property | $130,000.00 |
| 02  Sale Price of Any Personal Property Included in Sale | |
| 03 | |
| 04 | |
| 05 | |
| 06 | |
| 07 | |
| 08 | |
| **Adjustments for Items Paid by Seller in Advance** | |
| 09  City/Town Taxes                    to | |
| 10  County Taxes       12/30/2019  to  12/31/2019 | $9.30 |
| 11  Assessments | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| **N. Due from Seller at Closing** | **$130,009.30** |
| 01  Excess Deposit | |
| 02  Closing Costs Paid at Closing (J) | $13,016.00 |
| 03  Existing Loan(s) Assumed or Taken Subject to | |
| 04  Payoff of First Mortgage Loan | $116,993.30 |
| 05  Payoff of Second Mortgage Loan | |
| 06 | |
| 07 | |
| 08  Seller Credit | |
| 09 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| **Adjustments for Items Unpaid by Seller** | |
| 14  City/Town Taxes                    to | |
| 15  County Taxes                       to | |
| 16  Assessments                        to | |
| 17 | |
| 18 | |
| 19 | |

### CALCULATION

| | |
|---|---|
| Total Due to Seller at Closing (M) | $130,009.30 |
| Total Due from Seller at Closing (N) | -$130,009.30 |
| Cash to Close  ☐ From  ☐ To Seller | $0.00 |

## Additional Information About This Loan

**Loan Disclosures**

### Assumption
If you sell or transfer this property to another person, your lender
☐ will allow, under certain conditions, this person to assume this loan on the original terms.
☑ will not allow assumption of this loan on the original terms.

### Demand Feature
Your loan
☐ has a demand feature, which permits your lender to require early repayment of the loan. You should review your note for details.
☑ does not have a demand feature.

### Late Payment
If your payment is more than ____ days late, your lender will charge a late fee of _____

### Negative Amortization (Increase in Loan Amount)
Under your loan terms, you
☐ are scheduled to make monthly payments that do not pay all of the interest due that month. As a result, your loan amount will increase (negatively amortize), and your loan amount will likely become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
☐ may have monthly payments that do not pay all of the interest due that month. If you do, your loan amount will increase ( negatively amortize), and, as a result, your loan amount may become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
☑ do not have a negative amortization feature.

### Partial Payments
Your lender
☐ may accept payments that are less than the full amount due (partial payments) and apply them to your loan.
☐ may hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan.
☑ does not accept any partial payments.
If this loan is sold, your new lender may have a different policy.

### Security Interest
You are granting a security interest in  512 DECATUR AVE,

Pensacola, FL 32507

You may lose this property if you do not make your payments or satisfy other obligations for this loan.

### Escrow Account
*For now,* your loan
☐ will have an escrow account (also called an "impound" or "trust" account) to pay the property costs listed below. Without an escrow account, you would pay them directly, possibly in one or two large payments a year. Your lender may be liable for penalties and interest for failing to make a payment.

| Escrow | | |
|---|---|---|
| Escrowed Property Costs over Year 1 | | Estimated total amount over year 1 for your escrowed property costs: |
| Non-Escrowed Property Costs over Year 1 | | Estimated total amount over year 1 for your non-escrowed property costs:<br><br>You may have other property costs. |
| Initial Escrow Payment | | A cushion for the escrow account you pay at closing. See Section G on page 2. |
| Monthly Escrow Payment | | The amount included in your total monthly payment. |

☑ will not have an escrow account because ☑ you declined it ☐ your lender does not offer one. You must directly pay your property costs, such as taxes and homeowner's insurance. Contact your lender to ask if your loan can have an escrow account.

| No Escrow | | |
|---|---|---|
| Estimated Property Costs over Year 1 | $0.00 | Estimated total amount over year 1. You must pay these costs directly, possibly in one or two large payments a year. |
| Escrow Waiver Fee | $0.00 | |

*In the future,*
Your property costs may change and, as a result, your escrow payment may change. You may be able to cancel your escrow account, but if you do, you must pay your property costs directly. If you fail to pay your property taxes, your state or local government may (1) impose fines and penalties or (2) place a tax lien on this property. If you fail to pay any of your property costs, your lender may (1) add the amounts to your loan balance, (2) add an escrow account to your loan, or (3) require you to pay for property insurance that the lender buys on your behalf, which likely would cost more and provide fewer benefits than what you could buy on your own.



DRAFT

## Loan Calculations

| | |
|---|---|
| **Total of Payments.** Total you will have paid after you make all payments of principal, interest, mortgage insurance, and loan costs, as scheduled. | |
| **Finance Charge.** The dollar amount the loan will cost you. | |
| **Amount Financed.** The loan amount available after paying your upfront finance charge. | |
| **Annual Percentage Rate (APR).** Your costs over the loan term expressed as a rate. This is not your interest rate. | |
| **Total Interest Percentage (TIP).** The total amount of interest that you will pay over the loan term as a percentage of your loan amount. | |



**Questions?** If you have questions about the loan terms or costs on this form, use the contact information below. To get more information or make a complaint, contact the Consumer Financial Protection Bureau at **www.consumerfinance.gov/mortgage-closing**

## Other Disclosures

**Appraisal**
If the property was appraised for your loan, your lender is required to give you a copy at no additional cost at least 3 days before closing. If you have not yet received it, please contact your lender at the information listed below.

**Contract Details**
See your note and security instrument for information about
· what happens if you fail to make your payments,
· what is a default on the loan,
· situations in which your lender can require early repayment of the loan, and
· the rules for making payments before they are due.

**Liability after Foreclosure**
If your lender forecloses on this property and the foreclosure does not cover the amount of unpaid balance on this loan,
☐ state law may protect you from liability for the unpaid balance. If you refinance or take on any additional debt on this property, you may lose this protection and have to pay any debt remaining even after foreclosure. You may want to consult a lawyer for more information.
☐ state law does not protect you from liability for the unpaid balance.

**Refinance**
Refinancing this loan will depend on your future financial situation, the property value, and market conditions. You may not be able to refinance this loan.

**Tax Deductions**
If you borrow more than this property is worth, the interest on the loan amount above this property's fair market value is not deductible from your federal income taxes. You should consult a tax advisor for more information.

## Contact Information

| | Lender | Mortgage Broker | Real Estate Broker (B) | Real Estate Broker (S) | Settlement Agent |
|---|---|---|---|---|---|
| **Name** | PEN AIR FEDERAL | | DEWISE REALTY L.L.C. | SIMMONS REALTY | SMITH, THOMPSON, |
| **Address** | 60 INDUSTRIAL PENSACOLA, FL 32503 | | 5403 GARDENBROOK MILTON, FL 32570 | 2425 W 9 MILE ROAD PENSACOLA, FL 32514 | 3520 Thomasville Tallahassee, FL 32309 |
| **NMLS ID** | | | | | |
| **License ID** | | | | | 321311 |
| **Contact** | | | ANTHONY CROWE | VICTOR ZAVALA | LISA A WARMACK |
| **Contact NMLS ID** | | | SL3368773 | SL686705 | N/A |
| **Contact License ID** | | | | BK662719 | 321311 |
| **Email** | | | anthony@dewiserealty | gunnyofmarines@gma | LISAW@STSLAW.COM |
| **Phone** | | | (850) 390-0483 | (910) 333-7796 | (850) 241-0135 |

## Confirm Receipt

By signing, you are only confirming that you have received this form. You do not have to accept this loan because you have signed or received this form.

_____     _____     _____     _____
Applicant Signature                                  Date                          Co-Applicant Signature                          Date

# Addendum

**Closing Information:**
Date Issued:

File No: 20192674

Closing Date: 12/30/2019

Property Information: 512 DECATUR AVE
Pensacola, FL 32507

**Transaction Information:**

| | | | |
|---|---|---|---|
| Borrower: | LOUIS TROTTA | Borrower: | NANCY LANE PORTO |
| Address: | | Address: | |
| City/ST/Zip: | | City/ST/Zip: | |

Seller:

MARY COLON, AS TRUSTEE FOR THE BANKRUPTCY ESTATE OF CARL DANIEL SIMS

Address:

City/ST/Zip:

| Other Costs | Borrower-Paid | | Seller-Paid | | Paid by Others |
|---|---|---|---|---|---|
| | At Closing | Before Closing | At Closing | Before Closing | |
| **H. Other** | | | | | |
| 02 BANKRUPTCY ESTATE FEE to MARYBETH COLON, AS TRUSTEE FOR THE BANKRUPTCY ESTATE OF CARL DANIEL SIMS | | | | | |
| 03 BUYER PREMIUM to MARYBETH COLON, AS TRUSTEE OF THE BANKRUPTCY ESTATE OF CARL DANIEL SIMS | $5,000.00 | | | | |
| 08 Real Estate Commission Buyers Broker to DEWISE REALTY L.L.C. | | | $2,600.00 | | |
| 09 Real Estate Commission Sellers Broker to SIMMONS REALTY GROUP, INC. | | | $5,200.00 | | |

## Contact Information
Contacts that could not fit are shown in full here.

| | Lender | Real Estate Broker (B) | Real Estate Broker (S) | Settlement Agent |
|---|---|---|---|---|
| Name | PEN AIR FEDERAL CREDIT UNION | DEWISE REALTY L.L.C. | SIMMONS REALTY GROUP, INC. | SMITH, THOMPSON, SHAW, MINACCI, COLON & POWER, PA |
| Address | 60 INDUSTRIAL BOULEVARD, PENSACOLA, FL 32503 | 5403 GARDENBROOK BLVD, MILTON, FL 32570 | 2425 W 9 MILE ROAD, PENSACOLA, FL 32514 | 3520 Thomasville Road, 4th Floor, Tallahassee, FL 32309 |
| NMLS ID | | | | |
| FL License ID | | | | 321311 |
| Contact | | ANTHONY CROWE | VICTOR ZAVALA | LISA A WARMACK |
| Contact NMLS ID | | SL3368773 | SL686705 | N/A |
| Contact FL License ID | | | BK662719 | 321311 |
| Email | | anthony@dewiserealty.com | gunnyofmarines@gmail.com | LISAW@STSLAW.COM |
| Phone | | (850) 390-0483 | (910) 333-7796 | (850) 241-0135 |

## Additional Text
Text that could not fit on pages 1-5 are shown in full here.

| Area | Full Text |
|---|---|
| Closing Information, Settlement Agent | SMITH, THOMPSON, SHAW, MINACCI, COLON & POWER, PA |



October 21, 2019

MS1710

Carl Daniel Sims
512 Decatur Ave
Pensacola FL 32507-

Loan Number: 1442868954

Property Address: 512 Decatur Ave
                  Pensacola FL 32507

Dear Carl Daniel Sims :

Thank you for contacting us about your mortgage. Based on a careful review
of the information you provided, we are offering you an opportunity to
pursue a short sale.

**About a Short Sale**
A short sale is the sale of your property for less than the balance
remaining on your mortgage loan. With a short sale, we will release our
mortgage lien on your property once we receive the proceeds from the sale of
the property, even though the proceeds are less than the loan balance you
owe. If you are able to close a short sale on terms that have been approved
by us, including any required contribution, benefits to you may include
avoiding foreclosure, eliminating/reducing your mortgage debt, and receiving
a waiver of deficiency. **Settling a debt for less than the balance owed may
have tax consequences and we may file a 1099C form. We cannot provide you
with tax advice. If you have any questions, we encourage you to consult a
tax adviser of your choosing.**

**Additionally this transaction will be reported to the credit bureau as
"Settled in full for less than total payoff."**

**To Accept This Offer and Suspend Foreclosure**
You must contact us at 1-866-397-5370 or in writing at Attention: MS
LMP1710, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945 by no
later than 11-04-19 to indicate your intent to accept this offer to pursue a
short sale. If you contact us by 11-04-19 to indicate your intent to accept
this offer to pursue a short sale, we will not refer your loan to
foreclosure, or if your loan has been referred to foreclosure, we will
suspend the next legal action in the foreclosure proceedings.

Your Short Sale Approval Terms and Closing Instructions are included with
this notice. Please read the documents carefully and return one fully
executed copy of the Short Sale Approval Terms to us by 11-04-19 at
Attention: MS LMP1710, 1 Corporate Drive, Suite 360, Lake Zurich, IL
60047-8945. You must also forward a copy of the Short Sale Approval Terms
and Closing Instructions to the settlement agent prior to the scheduled
closing date so it may follow the terms and instructions provided.

QL798/LFE

EXHIBIT

"B"



**MUTUAL** INC.

Page 2 of 4                    October 21, 2019              Loan Number: 1442868954

**RESPA NOTICES OF ERROR AND REQUESTS FOR INFORMATION:**
RESPA Notices of Error and Requests for Information should <u>NOT</u> be
forwarded using the contact information for Submission of Loss Mitigation
Application and Related Documents.

**RESPA Notices of Error and Requests for Information must be sent <u>only</u> to
the address indicated directly below, including the specific Attention line
noted:**

> Attention: Mail Stop NOE1290
> 1 Corporate Drive, Suite 360
> Lake Zurich, IL 60047-8945

If you have any questions, please call us at 1-866-397-5370.

Sincerely,


Lou Ferrante
Short Sale Specialist                                    QL798/LFE



**MUTUAL INC.**

Page 3 of 4                October 21, 2019              Loan Number: 1442868954

### SHORT SALE APPROVAL TERMS

The Short Sale Approval Terms below are binding as of the date of this notice. Any alterations to these terms must be in writing and approved prior to the closing of the title. Return one fully executed copy of this document to us no later than 11-04-19 at Attention: MS LMP1710, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945. You must also forward one copy of the approval terms to the settlement agent prior to the scheduled closing date.

Scheduled Closing Date on or before: 12-15-2019
SALE PRICE:                    $ 130,000.00
CLOSING COSTS:                 $ 12,960.21
BROKER COMMISSION:             $ 7,800.00
JUNIOR LIEN ALLOWANCE:         $ N/A
NET SALE PROCEEDS:             $ 117,039.79
PAYOFF AMOUNT:                 $ 117,039.79
RESIDUAL BALANCE:              $ N/A
CASH CONTRIBUTION:             $ 0.00
NOTE CONTRIBUTION:             $ 0.00

You agree to waive any right to escrow funds and right to any refunds from prepaid expenses. You will not receive any funds or commissions from the sale of the mortgaged property. Any cash contribution must be paid with a cashier's check. If you are required to sign a Note for the Residual Balance as part of this transaction, failure to execute the Note constitutes a breach of this agreement and as such, will nullify the Short Sale.

If you are eligible to receive a relocation incentive from the investor or another acceptable source, any relocation incentive payment received must be reflected on the Settlement Statement. Fees paid to a third party to negotiate the short sale (commonly referred to as short sale negotiation fees or short sale processing fees) must not be deducted from the sales proceeds or charged to you.

ACCEPTED:

X_____ DATE_____

X_____ DATE_____

QL798/LFE



**MUTUAL** INC.

Page 4 of 4             October 21, 2019        Loan Number: 1442868954

### Closing Instructions

1. Neither the buyer nor seller can receive any funds or commissions from the sale of the mortgaged property.

2. Any relocation incentive payment received by the seller from the investor or other acceptable source must be reflected on the Settlement Statement.

3. Fees paid to a third party to negotiate the short sale with the servicer (commonly referred to as short sale negotiation fees or short sale processing fees) must not be deducted from the sales proceeds or charged to the seller.

4. The deed conveying the property to the buyer must include the following provision:

   "Grantee herein is prohibited from conveying captioned property for any sales price for a period of 30 days from the date of this deed. After this 30 day period, Grantee is further prohibited from conveying the property for a sale price greater than $ 156,000.00 until 90 days from the date of this deed. These restrictions shall run with the land are not personal to the Grantee."

   **Please Note:** If you believe the above-referenced provision is not appropriate for this short sale a Letter of Explanation must be faxed to: Attention: Loss Mitigation Liquidation Team at 1-847-574-8158 within seven (7) days from the date of this letter. The Letter of Explanation will be forwarded to the investor for a final determination on the inclusion of the provision.

5. The closing is not to be completed unless all the terms and instructions provided are complied with.

6. Any changes to the original contract of sale must be in writing, signed by all parties, and submitted promptly to us prior to the scheduled closing date.

7. The Settlement Statement must be forwarded to us within 48 hours before the scheduled closing date for approval. The Settlement Statement should be faxed to: Attention: Loss Mitigation Liquidation Team, 1-847-574-8158.

8. After the closing, the Sale Proceeds, final signed Settlement Statement, Executed Short Sale Affidavit, Copy of Executed Deed, and any other pertinent paper work such as, any required Executed Note or Seller's Cash Contribution, must be sent via overnight mail or similar carrier service to: Attention: MS LMP1710, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945 the same day as the closing.

9. Any applicable real estate broker commission must not exceed 6% of the sales price of the property.

QL798/LFE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: CARL DANIEL SIMS

CASE NO: 19-30106-KKS

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**
Chapter: 7

On 11/19/2019, I did cause a copy of the following documents, described below,

NOTICE OF INTENT TO SELL REAL PROPERTY

CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b),(f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/19/2019

/s/ Mary W. Colon, Chapter 7 Trustee
Mary W. Colon, Chapter 7 Trustee

P. O. BOX 14596
TALLAHASSEE, FL 32317
850 241 0144

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: CARL DANIEL SIMS

CASE NO: 19-30106-KKS

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7

On 11/19/2019, a copy of the following documents, described below,

NOTICE OF INTENT TO SELL REAL PROPERTY

CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b),(f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/19/2019

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mary W. Colon, Chapter 7 Trustee

P. O. BOX 14596
TALLAHASSEE, FL  32317

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO
  LABEL MATRIX FOR LOCAL NOTICING
11293
CASE 19-30106-KKS
NORTHERN DISTRICT OF FLORIDA
PENSACOLA
TUE NOV 19 11-55-38 EST 2019

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

BK GLOBAL REAL ESTATE SERVICES
1095 BROKEN SOUND PARKWAY SUITE 200
BOCA RATON FL 33487-3503

CAPITAL ONE AUTO FINANCE A DIVISION OF
CAPI
AIS PORTFOLIO SERVICES LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

CAPITAL ONE AUTO FINANCE A DIVISION OF
CAPI
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

MICHIGAN MUTUAL INC
CO NICOLE MARIANI NOEL
PO BOX 800
TAMPA FL 33601-0800

PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

SIMMONS REALTY GROUP INC
9511 HOLSBERRY RD
PENSACOLA FL 32534-1319

TOYOTA MOTOR CREDIT CORPORATION
PO BOX 5703
CLEARWATER FL 33758-5703

ALICIA R WHITING BOZICH
CO KASS SHULER PA
1515 N FLORIDA AVENUE
TAMPA FL 33602

ATTN  CAPITAL ONE AUTO FINANCE
A DIVISION OF CAPITAL ONE NA DEPARTME
AIS PORTFOLIO SERVICES LP
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

CAPITAL ONE AUTO
PO BOX 60511
CITY OF INDUSTRY CA 91716-0511

CAPITAL ONE BANK
1500 CAPITAL ONE DR
RICHMOND VA 23238

CAPITAL ONE BANK
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAPITAL ONE BANK USA NA
BY AMERICAN INFOSOURCE AS AGENT
PO BOX 71083
CHARLOTTE NC 28272-1083

CHEX SYSTEMS
ATTN CUSTOMER RELATIONS
7805 HUDSON RD STE 100
SAINT PAUL MN 55125-1703

CITIBANKSEARS
PO BOX 6286
SIOUX FALLS SD 57117-6286

CLIENT SERVICES
3451 HARRY TRUMAN BLVD
SAINT CHARLES MO 63301-9816

CREDIT ONE BANK
PO BOX 98873
LAS VEGAS NV 89193-8873

EQUIFAX DISPUTES
PO BOX 740256
ATLANTA GA 30374-0256

ESCAMBIA COUNTY CLERK OF COURT
PO BOX 333
2018CA001643
PENSACOLA FL 32591-0333

EXPERIAN
475 ANTON RD
COSTA MESA CA 92626-7037

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

LOWES
PO BOX 530914
ATLANTA GA 30353-0914

MICHIGAN MUTUAL INC
1 CORPORATE DRIVE
STE 360
LAKE ZURICH IL 60047-8945

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

MIDLAND FUNDING LLC
PO BOX 2011
WARREN MI 48090-2011

PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

SACRED HEART HOSPITAL
5151 N 9TH AVE
PENSACOLA FL 32504-8795

TOYOTA FINANCE
PO BOX 5855
CAROL STREAM IL 60197-5855

TRANSUNION DISPUTES
PO BOX 900
WOODLYN PA 19094-0900

UNITED STATES TRUSTEE
110 E PARK AVENUE
SUITE 128
TALLAHASSEE FL 32301-7728

DEBTOR
CARL DANIEL SIMS
512 DECATUR AVE
PENSACOLA FL 32507-2926

MARY W COLON
PO BOX 14596
TALLAHASSEE FL 32317-4596

STEVEN D JURNOVOY
LEWIS   JURNOVOY PA
1100 NORTH PALAFOX STREET
PENSACOLA FL 32501-2608